IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JENIQUA IRENE KNUCKLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 116-145 |
| | ) | |
| WELLS FARGO HOME MORTGAGE | ) | |
| and MCCALLA RAYMER PIERCE, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff commenced the above-captioned case *pro se* and is proceeding *in forma pauperis* ("IFP"). Because she is proceeding IFP, Plaintiff's complaint must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted.

**I. BACKGROUND**

Taking all allegations of the complaint as true, as the Court must for purposes of this screening, the facts are as follows. On September 6, 2016, Plaintiff filed a "Motion to Stay Foreclosure Sale/Motion for Emergency Injustice [sic] Relief," which the court construes as her complaint. (Doc. no. 1.) She asks the Court to stay the foreclosure of her property at 811 Reynolds Court, Grovetown, Georgia pending the outcome of her cases regarding the

termination of her employment at Dwight D. Eisenhower Army Medical Center. (Id.) Defendant Wells Fargo holds the mortgage and the law firm Defendant represents Wells Fargo in the foreclosure. (Id. at 3-5.) A foreclosure sale was to take place on Tuesday, September 6, 2016. (Id.) Plaintiff expresses uncertainty as to how Defendants are proceeding with the foreclosure but admits to owing the debt on the house. (Id.) Because she "feels this action is in direct connection to the ongoing cases before this court," she requests an emergency preliminary injunction stopping the foreclosure sale. (Id.)

## II. DISCUSSION

### A. Legal Standard for Screening

A complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Moreover, "[f]ailure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative

2

level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Pleadings drafted by *pro se* litigants must be liberally construed, Haines, 404 U.S. at 520-21, but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

### B. Plaintiff Fails to State a Claim.

When a complaint "lacks even an arguable basis in law, Rule 12(b)(6) and § 1915(d) both counsel dismissal." Neitzke, 490 U.S. at 328; see also Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). Plaintiff asks the Court to stay the foreclosure of her home, but fails to allege any claim against or wrongdoing by Defendants. In fact, Plaintiff "freely admits the debt owed on the home." (Doc. no. 1, p. 1.) Plaintiff's only reason the foreclosure should not proceed is she "feels this action is in direct connection to the ongoing cases before this court . . . ." (Id. at 1.) There is no such connection. The ongoing cases concern her termination from employment and have no relation to whether Defendants have a legal right to foreclose. (See Knuckles v. Dep't of the Army, CV 115-077, doc. no. 1,

3

(S.D. Ga. May 29, 2015) (claim for information under Freedom of Information Act); Knuckles v. Dep't of the Army, CV 116-013, doc. no. 1 (S.D. Ga. Feb. 2, 2016) (claim attempting to compel arbitration)).  Indeed, Plaintiff admits she "may in fact not be the true or real party in interest at all." (Doc. no. 1, p. 2.)  Thus, even liberally construed, Plaintiff's complaint states no claim against either Defendant, and the case should be dismissed.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED**, and that this case be **CLOSED**.

SO REPORTED AND RECOMMENDED this 16th day of September, 2016, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA